HENRY JOHNSON v. THE STATE.

No. 13101. Delivered March 12, 1930.
Rehearing denied April 16, 1930.
Reported in 26 S. W. (2d) 918.

The opinion states the case.

*Seb F. Caldwell* of Mt. Pleasant, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.——Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The evidence is ample to justify the conclusion of guilt reached by the jury. Appellant was observed engaged in the manufacture of whisky. He had what the witnesses called a complete outfit. Whisky was running from the worm. Appellant was observed to place a jar under said worm. Seventeen and one-half gallons of whisky were found near by.

The record contains four bills of exception. The first complains of testimony to the effect that appellant had a "complete outfit" when discovered by the officers. The bill is qualified by the trial court who calls attention to the fact that witness had already testified that he knew from his own knowledge and experience what it took to constitute a complete outfit. There was no error in admitting the testimony. Bill No. 2 presents a similar complaint to the testimony of another witness who said, "Yes sir, I think I know what it takes to constitute a complete outfit for making whisky." We perceive no error in the admission of this testimony.

The testimony showed that appellant's son was present at the still. We see no objection to the argument of the prosecution in suggesting to the jury that they take this case and give this man such punishment as a "Wild cat liquor maker with his boy there training him up deserves." Bill of exception No. 4 sets out appellant's objection to the statement made by the prosecuting attorney to the effect that the accused bought sugar and meal and carried it over there. The objection was that there was no such evidence in the case. There is no certificate of the trial court to the bill of exception certifying that this objection had foundation in the facts.

Being unable to agree with any of the contentions of appellant, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains because we did not discuss an exception to the charge for failure to instruct the jury that the mere presence of appellant at the still was not sufficient upon which to base a conviction. There was no evidence raising any such issue.

The motion for rehearing is overruled.

*Overruled.*